```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
```

NELLA MANKO,

        Plaintiff,

  -against-

MARSHA L. STEINHARDT, individually and in her official Capacity as Justice of the N.Y.S. Supreme Court of Kings County; SYLVIA O. HINDS-RADIX, in her official capacity as Administrative Judge of Supreme Court, Kings County; KINGS COUNTY SUPREME COURT OF THE STATE OF NEW YORK; KINGS COUNTY CLERK'S OFFICE; JONATHAN LIPPMAN, Chief Judge, New York Court of Appeals; NEW YORK COURT OF APPEALS; WILLIAM F. MASTRO, Justice, Appellate Division of the N.Y.S. Supreme Court (Second Department); A. GAIL PRUDENTI, Presiding Justice, Appellate Division of the N.Y.S. Supreme Court (Second Department); APPELLATE DIVISION OF THE N.Y.S. SUPREME COURT (SECOND DEPARTMENT); "JOHN DOE1," individually and in his official capacity; "JOHN DOE2," individually and in his official capacity; "JOHN DOE3," individually and in his official capacity; "JANE ROE," individually and in her official capacity; and THE STATE OF NEW YORK,

        Defendants.
```
----------------------------------------X
```

DOCKET & FILE
APR 17 2012
BROOKLYN OFFICE

MEMORANDUM AND ORDER

12-CV-1472(KAM)(LB)

**MATSUMOTO, United States District Judge:**

    *Pro se* plaintiff Nella Manko brings this action[1] pursuant to 42 U.S.C. § 1983, alleging that defendants violated her constitutional rights during the course of her state court

---

[1] Plaintiff has previously filed two actions in this court seeking similar relief against similar parties, arising out of a state court action.

1

medical malpractice action, Kings County Supreme Court Index Number 30972/2004 (the "State Court Action"). Plaintiff also alleges various pendent state law claims. Plaintiff seeks an injunction ordering the recusal of Judge Steinhardt in the State Court Action; reversal, annulment and vacatur of the state court's orders in the State Court Action; and compensatory and punitive damages. (*See* ECF No. 1, Complaint ("Compl.") at 54-55.) Plaintiff's request to proceed *in forma pauperis* is granted solely for the purpose of this Memorandum and Order, and the action is hereby dismissed under 28 U.S.C. § 1915(e)(2)(B). Plaintiff is also hereby notified that if she persists in filing additional actions based on her dissatisfaction with state court decisions, she will likely be subject to an injunction against further meritless filings.

I. **Standard of Review**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where the court is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A court must, however, construe a *pro se* litigant's pleadings liberally, *see Chavis v. Chappius*, 618 F.3d

162, 171 (2d Cir. 2010), especially when those pleadings allege civil rights violations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

## II. Background

Plaintiff has filed numerous personal injury, medical malpractice, and other tort and common law claims in the New York state courts during the past several years. In the past year alone, plaintiff has also filed three cases in this court, all of which challenge decisions made in state court actions and allege constitutional violations by judges, attorneys, court officers, court reporters and the court involved in those state court actions. *See Manko v. Finkelstein*, No. 11-CV-5054 (E.D.N.Y. filed Oct. 14, 2011, dismissed and closed for failure to pay the filing fee Feb. 10, 2012); *Manko v. Steinhardt*, No. 11-CV-5103 (E.D.N.Y. filed Oct. 17, 2011, dismissed Jan. 24, 2012); *Manko v. Steinhardt*, No. 11-CV-5430 (E.D.N.Y. filed Oct. 31, 2011, dismissed Jan. 24, 2012).

Although each of the three actions plaintiff previously filed in this court names slightly different parties, each seeks to challenge events that occurred in state court and alleges that the defendants violated plaintiff's constitutional

3

rights during the course of the state court proceedings. In every instance, plaintiff's case has been dismissed or dismissible on the bases of the *Rooker-Feldman* doctrine[2] or judicial and sovereign immunity.[3] In this court's most recent order under docket number 11-cv-5054, the court requested that the plaintiff "abstain from filing further duplicative or frivolous litigation in this court." *Manko v. Finkelstein*, No. 11-CV-5054, 2012 WL 407092, at *1 (E.D.N.Y. Feb. 7, 2012).

### III. Plaintiff's Claim is Barred By *Res Judicata*

Despite the court's request, plaintiff has filed yet a fourth duplicative action in the Eastern District of New York. Here, plaintiff again raises claims related to a medical malpractice filed in state court under Index Number 30972/2004 (Kings County). There are limits to how often the court can be asked to review the *same* allegations against the same parties. That limitation is recognized under the doctrine of *res*

---

[2] Under the *Rooker-Feldman* doctrine, cases "brought by [a] state-court loser[ ] complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments" are barred in federal courts, which lack subject-matter jurisdiction over such actions. *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005).

[3] Plaintiff's case in *Manko v. Finkelstein*, No. 11-CV-5054, was dismissed because plaintiff failed to pay the filing fee required to commence an action in the time allotted. (*See* ECF No. 8, Docket No. 11-CV-5054.) As the court explained in its January 9, 2012 Memorandum and Order, however, even if plaintiff had paid the fee, the court would have dismissed the action pursuant to *Rooker-Feldman* doctrine and the doctrines of sovereign and judicial immunity. (See ECF No. 6, Docket No. 11-CV-5054.)

4

*judicata. See Salahuddin v. Jones*, 992 F. 2d 447, 449 (2d Cir. 1993).

Under the doctrine of *res judicata*, or claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *St. Pierre v. Dyer*, 208 F.3d 394, 399 (2d Cir. 2000) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)); *see also EDP Med. Computer Sys. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007). Once a final judgment has been entered on the merits of a case, that judgment will bar any subsequent litigation by the same parties, or those in privity with the parties, concerning the transaction or series of connected transactions out of which the first action arose.

The doctrine of *res judicata* applies to *pro se* litigants. *Yeiser v. GMAC Mortg. Corp.*, 535 F. Supp. 2d 413, 426 (S.D.N.Y. 2008) (citing *Pena v. Travis*, No. 01-CV-8534, 2002 WL 31886175, at *8 (S.D.N.Y. Dec. 27, 2008)); *see also Cieszkowska v. Gray Line N.Y.*, 295 F.3d 204, 205-06 (2d Cir. 2002) (affirming district court's *res judicata* dismissal of an *in forma pauperis* action previously dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii)). Here,

5

plaintiff has alleged claims that arise out of the same nucleus of facts as those she alleged in two previous actions, both of which this court dismissed for lack of subject-matter jurisdiction, failure to state a claim, and the doctrines of sovereign and judicial immunity. *See Manko v. Steinhardt*, 11-CV-5430 (filed Oct. 31, 2011, dismissed Jan. 24, 2012), and *Manko v. Steinhardt*, 11-CV-5103 (filed Oct. 17, 2011, dismissed Jan. 24, 2012). Therefore, this action is barred by the doctrine of *res judicata*.

Furthermore, even if this action were not barred by the doctrine of *res judicata*, it would be dismissed for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine and the doctrines of sovereign and judicial immunity.

**IV. Filing Injunction**

In *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (per curiam), the Second Circuit upheld the district court's authority to issue a filing injunction when "a plaintiff abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings." (internal quotations and citations omitted). *See also Pandozy v. Tobey*, No. 07-CV-4897, 2009 WL 1674409, at *2 (2d Cir. June 16, 2009); *Williams v. NYC Hous. Auth.*, No. 06-CV-

5473, 2008 WL 5111105, at *5 (E.D.N.Y. Dec. 4, 2008). However, it is "[t]he unequivocal rule in this circuit . . . that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard." *Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 529 (2d Cir. 2005) (quoting *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998)).

The court has considered plaintiff's litigation history and her persistence in seeking this court's intervention in state court matters, and notifies plaintiff that similar future filings will likely subject her to a filing injunction. *See Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986).

## CONCLUSION

Accordingly, plaintiff's complaint filed *in forma pauperis* is dismissed on the basis of *res judicata*. 28 U.S.C. § 1915(e)(2)(B)(i). Furthermore, the court notifies plaintiff that if she files any further frivolous actions challenging state court decisions and naming defendants against whom claims cannot be sustained, the court is likely to enter an Order barring the acceptance of any future *in forma pauperis* complaints without first obtaining leave of the court to do so.

28 U.S.C. § 1651; *see e.g., In re Martin-Trigona*, 9 F.3d 226, 227-29 (2d Cir. 1993) (discussing various sanctions courts may impose upon vexatious litigants).

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the court is respectfully requested to serve a copy of this Memorandum and Order on plaintiff and note service on the docket.

SO ORDERED.

Dated: April 17, 2012
       Brooklyn, New York

                                              /s/
                                      Kiyo A. Matsumoto
                                      United States District Judge
                                      Eastern District of New York